**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**


Date:              May 2, 2013

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Probation Officer: Gary Kruck

---

**Criminal Action No.12-cr-00158-REB**

_Parties:_                          _Counsel:_

UNITED STATES OF AMERICA,           Ryan Bergsieker

        Plaintiff,

v.

WALDEN ALLEN SCHMIDT,               Harvey Steinberg

        Defendant.

---

**SENTENCING MINUTES**

---

**10:06 a.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense – focusing on "the real conduct" –  for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

- congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1.  That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2.  That the pending motions are resolved as follows:

    - the **United States' Motion to Dismiss Counts One, Three and Four of the Indictment at Time of Sentencing** [#42] filed December 26, 2013 is **GRANTED.**  Counts 1, 3, and 4 of the Indictment are **DISMISSED with prejudice**;

    - the **United States' Motion Under U.S.S.G. 3E1.1(b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility** [#43] filed December 26, 2012 is **GRANTED;** and

    - the **Motion for Variance** [#47] filed March 11, 2013 is respectfully **DENIED**;

3.  That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-seven (97) months**;

4.  That on release from imprisonment, the defendant shall be placed on supervised release for a term of **ten (10) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

5.  That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to

any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall have no unsupervised contact with any minor;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders;

- that at defendant's expense, the defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph, and Abel examinations as directed by the probation department and shall comply with the rules and restrictions specified by the treatment agency; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

- that the use and access of the defendant of and to computers and the internet shall be limited to those requested by the defendant and authorized by his probation officer;

- that the defendant shall submit his person and any property, house, apartment, residence, vehicle, papers, computer, or other electronic communications or data storage, devices or media and effects to search at anytime with or without warrant by any law enforcement on the defendant's personal computer(s) and other internet devices and collected by such systems at any reasonable time and copy data which the probation department believes may be evidence of violation of a condition of supervision;

- that the defendant shall allow his probation officer to install software and hardware designed to monitor computer activities on any computer the defendant is authorized by his probation officer to access or use.  Such software may record any and all activity on any computer, including the

capture of key strokes, application information, internet use history, e-mail correspondence, and chat conversations. A notice shall be placed on the computer at the time of installation to warn others of the existence of this monitoring software, and the defendant shall not attempt to remove, tamper with, reverse, engineer, or anyway circumvent any such software or hardware which is installed;

- that any employment for the defendant shall be approved in advance by his supervising probation officer, and the defendant shall permit contact and communication between his probation officer and his employer, including but not limited to, full-time, part-time, temporary, and/or contract employment and employers;

6.  That no fine is imposed;

7.  That the defendant shall pay forthwith a special victim's fund assessment fee of **$100.00**;

8.  That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed;

9.  That the defendant shall pay restitution for the benefit of the two victims identified by the court in its foregoing findings and conclusions payable immediately in care of the Clerk of the Court in full in the amount of $5,000 to be paid by the defendant, if not immediately, then in monthly installments of not less than ten (10) percent of his monthly gross income as determined periodically by his probation officer, to commence during the term of supervised release;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That the court recommends that the Bureau of Prisons designate the defendant to its Federal Correctional Institute in Englewood, Colorado, and to facilitate his participation in and completion of the Residential Drug Abuse Program;

13. That the defendant is remanded to the custody of the United States

Marshal who shall transport him as soon as practicable and with all deliberate speed to the Bureau of Prisons, there to be received and kept in the manner prescribed by law and consistent with the orders of this court; and

14.   That the defendant shall have no contact or communication of any kind with the victims in the Vickie Series of child pornography.

Parties state they have no objections to the sentence imposed.

**11:05 a.m.     Court in recess.**

Total time in court: 00:59

Hearing concluded.