```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF COLORADO

 3
     Criminal Action No. 12-cr-00158-REB
 4

 5    UNITED STATES OF AMERICA,

 6             Plaintiff,

 7             vs.

 8    WALDEN ALLEN SCHMIDT,

 9             Defendant.

10   -----------------------------------------------------------

11                        REPORTER'S TRANSCRIPT
                    SUPERVISED RELEASE VIOLATION HEARING
12
     -----------------------------------------------------------
13
              Proceedings before the HONORABLE ROBERT E. BLACKBURN,
14   Judge, United States District Court for the District of
     Colorado, commencing at 9:28 a.m. on the 27th day of
15   May, 2021, via videoteleconference in Courtroom A1001, Alfred
     A. Arraj United States Courthouse, Denver, Colorado.
16

17                               APPEARANCES

18   For the Plaintiff:
     ALECIA L. RIEWERTS, Assistant U.S. Attorney, UNITED STATES
19   ATTORNEY'S OFFICE, 1801 California Street, Suite 1600, Denver,
     CO 80202
20
     For the Defendant:
21   THOMAS J. HAMMOND, THOMAS J. HAMMOND, P.C., 1544 Race Street,
     Denver, CO 80206
22

23

24      JULIE H. THOMAS, RMR, CRR, 901 19th Street, Room A256,
          Denver, CO 80294, (303)296-3056   (CA CSR No. 9162)
25

               Proceedings reported by mechanical stenography;
                   transcription produced via computer.
```

1     (Proceedings commenced 9:28 a.m.,
2     May 27, 2021.)
3     THE COURT: Please open the record in 12-cr-158,
4  identified as United States of America versus Walden Allen
5  Schmidt, defendant. The matter is before the Court for
6  arraignment vis-à-vis the pending petition for warrant,
7  document 92, filed May 7, 2020.
8     For those purposes, the Government appears by
9  Assistant United States Attorney Alicia Riewerts. Good
10 morning.
11    MS. RIEWERTS: Good morning, Your Honor.
12    THE COURT: The defendant, Walden Allen Schmidt, and
13 his counsel, Thomas J. Hammond, also appear. Good morning,
14 gentlemen.
15    MR. HAMMOND: Good morning, Your Honor.
16    THE DEFENDANT: Good morning, Your Honor.
17    THE COURT: And, importantly, the supervising
18 probation officer, Walter Vanni, also appears. Good morning.
19    PROBATION OFFICER: Good morning, Your Honor.
20    THE COURT: Mr. Schmidt, I return to you. I am
21 obliged to advise you of competing rights, the right to have
22 this hearing, this arraignment, held in a regular courtroom
23 where you, your attorney, and the Court are physically present
24 together versus the right to proceed as we now are by
25 videoteleconference, VTC, where you, your attorney, and the

```
12-cr-00158-REB    Supervised Release Violation Hearing    05/27/2021   3
```

1  Court are each in a different location.

2      Let me inquire:  Is there anything about the way you
3  feel this morning, physically, emotionally, or otherwise, that
4  prevents you from clearly understanding these proceedings?

5      THE DEFENDANT:  There is not, Your Honor.  I
6  understand.

7      THE COURT:  And with the assistance of your counsel,
8  are you prepared to proceed?

9      THE DEFENDANT:  Yes, Your Honor, I am.

10      THE COURT:  Mr. Schmidt, please be advised that you
11  have the right to have this arraignment hearing conducted in a
12  regular or traditional courtroom where you, your attorney, and
13  the Court are physically present together.  Do you understand
14  that?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  However, in these continuing COVID-19
17  times, you may waive or give up that right and instead consent
18  to appear and participate remotely by VTC, as you now are,
19  where you, your attorney, and the Court are each in a
20  different location.  Do you understand that?

21      THE DEFENDANT:  Yes, Your Honor, I do.

22      THE COURT:  These are important but competing rights
23  that cannot be exercised simultaneously.  Momentarily I will
24  ask you to choose and elect between these two options.

25      Have you discussed these important competing options

Julie H. Thomas, RMR, CRR                                  (303)296-3056

12-cr-00158-REB    Supervised Release Violation Hearing    05/27/2021    4

1  carefully and thoroughly with your attorney?
2           THE DEFENDANT:  Yes, Your Honor, I have.
3           THE COURT:  Do you have any questions for me about
4  these competing options?
5           THE DEFENDANT:  No, I do not, Your Honor.
6           THE COURT:  And are you prepared to proceed to
7  choose?
8           THE DEFENDANT:  I am, Your Honor, yes.
9           THE COURT:  And which do you choose, in court or VTC?
10          THE DEFENDANT:  I choose VTC today.
11          THE COURT:  Then let me formalize that with the
12 following two questions.
13          First, do you, therefore, now waive or give up your
14 right to have this hearing held in a regular courtroom where
15 you, your attorney, and the Court are physically present
16 together?
17          THE DEFENDANT:  I do, Your Honor.
18          THE COURT:  And, second, do you instead consent to
19 having this hearing held remotely by VTC where you, your
20 attorney, and the Court are each in a different location?
21          THE DEFENDANT:  I do, Your Honor.
22          THE COURT:  Has anyone pressured, coerced, forced, or
23 threatened you to make this important decision and election?
24          THE DEFENDANT:  No, Your Honor.
25          THE COURT:  And may I view and treat your decision as

Julie H. Thomas, RMR, CRR                              (303)296-3056

12-cr-00158-REB   Supervised Release Violation Hearing   05/27/2021   5

1  having been made by you voluntarily, knowingly, intelligently,
2  and intentionally?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  Counsel, do you request or require
5  further advisements or examination on this discrete topic?
6          The Government?
7          MS. RIEWERTS:  No, Your Honor.  Thank you.
8          THE COURT:  The defense?
9          MR. HAMMOND:  On behalf of Mr. Schmidt, Your Honor,
10 no, I do not.
11         THE COURT:  Based on this record, I find and conclude
12 that we may and should continue to proceed remotely by VTC.
13         Excuse me momentarily.  Pardon me.
14         Very well.  I direct your attention, of course, to
15 the pending petition for warrant.  Again, to rehearse, that's
16 document 92, filed on May 7, 2020.  That petition for warrant
17 alleges two violations of conditions of supervision.  Those in
18 turn are explicated in corresponding and enumerated paragraphs
19 1 and 2 of the petition.
20         Mr. Hammond, I inquire:  Does Mr. Schmidt demand or
21 waive formal advisement of rights by this Court?
22         MR. HAMMOND:  Yes, he does, Your Honor.
23         THE COURT:  It's in the disjunctive.  Demanded or
24 waived?
25         MR. HAMMOND:  I apologize.  He waives.

Julie H. Thomas, RMR, CRR                           (303)296-3056

1    THE COURT: Very well. Concerning arraignment, does
2 he demand or waive formal arraignment by the Court, to include
3 a reading of the two alleged violations of conditions of
4 supervision?
5    MR. HAMMOND: We would waive any further advisement
6 or formal reading. He does have the petition for the warrant
7 in front of him, Your Honor.
8    THE COURT: Very well. Thank you.
9    Mr. Hammond, as counsel for Mr. Schmidt, to the
10 extent, if any at all, you are permitted and authorized by
11 him, please state for the record his position, either by
12 admission or denial, as to each of these two alleged
13 violations.
14    MR. HAMMOND: Your Honor, it is my understanding,
15 having gone through a fairly lengthy and productive
16 negotiation process with the Government, that Mr. Schmidt is
17 going to admit the violations in the first paragraph of the
18 petition for the warrant, specifically that there was a
19 violation of the rules of the treatment agency redirecting
20 sexual aggression.
21    THE COURT: And what is your understanding, if any,
22 as to the second violation in paragraph 2 titled Making False
23 Statements to the Probation Officer?
24    MR. HAMMOND: It's my understanding that that is,
25 from negotiations, that's being withdrawn.

12-cr-00158-REB    Supervised Release Violation Hearing    05/27/2021    7

1           THE COURT:  Very well.  Thank you.
2           Mr. Schmidt, I turn to you.  I presume you heard and
3  understood what your attorney, Mr. Hammond, told me about your
4  intended or anticipated admission of the violation pled in
5  paragraph 1 of the petition now on for hearing.  Is my
6  understanding correct?
7           THE DEFENDANT:  Yes, it is, Your Honor.  Thank you.
8           THE COURT:  And do you now admit violation number 1
9  titled Failure to Comply With the Rules and Restrictions
10 Specified By the Sex Offender Treatment Agency?
11          THE DEFENDANT:  I do, Your Honor.  Thank you.
12          THE COURT:  Again, in making this admission, in your
13 opinion, have you had adequate time to consider your decision
14 and this admission?
15          THE DEFENDANT:  I have, Your Honor.  Thank you.
16          THE COURT:  You're welcome.  Likewise, have you now
17 had sufficient time to review and discuss this decision and
18 admission and the other terms of your agreement with the
19 Government carefully and thoroughly with Mr. Hammond?
20          THE DEFENDANT:  I have, Your Honor.  Thank you.
21          THE COURT:  As with your previous decision concerning
22 your consent to proceed remotely by VTC, may I receive and
23 treat your admission to paragraph 1 of the petition to be made
24 by you voluntarily, knowingly, intelligently, and
25 intentionally with the advice and assistance of counsel?

Julie H. Thomas, RMR, CRR                         (303)296-3056

1                THE DEFENDANT:  Yes, Your Honor.

2                THE COURT:  Thank you, and so I shall.

3                Miss Riewerts, to you, please.  It's my understanding
4    that there have been negotiations.  It's my understanding that
5    these negotiations have produced, at least in part, a
6    stipulation or agreement.  It is my understanding, based on
7    the representations of Mr. Hammond, that two of those terms
8    include that which has happened, the admission by Mr. Schmidt
9    of the violation alleged in paragraph 1 of the petition, and
10   that the admission alleged in paragraph 2 will either be
11   withdrawn or dismissed.  Is my understanding correct thus far?

12               MS. RIEWERTS:  That is correct, Your Honor.

13               THE COURT:  And how should the Court now view and
14   treat the allegation pled in paragraph 2 of the petition?  May
15   I anticipate the Government's motion at some point to either
16   withdraw or dismiss that alleged violation?

17               MS. RIEWERTS:  Yes, Your Honor.  The Government
18   intends to withdraw or dismiss that violation at sentencing.

19               THE COURT:  Very well.  I understand.

20               It's further my understanding that rather than
21   proceeding immediately to a dispositional phase, that the
22   matter should be continued for a reasonable time I believe
23   discussed and agreed by counsel.  Is my understanding of that
24   portion of the stipulation also correct?

25               MS. RIEWERTS:  Yes, Your Honor.  We would originally

Julie H. Thomas, RMR, CRR                              (303)296-3056

| | |
|---|---|
| 12-cr-00158-REB   Supervised Release Violation Hearing | 05/27/2021   9 |

1  ask for a continuance of approximately 30 days to come back to
2  the Court for sentencing.  And we should have an update at
3  that point in time as to whether or not the Northern District
4  of Iowa has determined whether to accept Mr. Schmidt's
5  transfer to the Northern District of Iowa.  If that has not
6  occurred and it is imminent, we would reach out to the Court
7  to reschedule in advance of the 30-day continuance.  If there
8  is a situation where his transfer is not being accepted, then
9  we would come back before the Court and ask for a longer
10 continuance so that we could hopefully in the long term
11 facilitate that transfer with Mr. Schmidt's ongoing compliance
12 with his conditions here.
13           THE COURT:  Understood.
14           Mr. Hammond, is that correct to the best of your
15 information, knowledge, and belief?
16           MR. HAMMOND:  That is correct, Your Honor.  I have
17 actually been in touch with two separate probation officers
18 for the -- one in the Northern District of Iowa, Jennifer
19 Elliot, and another one who is a duty officer in Cedar Rapids,
20 within the last 48 hours or so, and they -- what we're trying
21 to do is we are trying to get Mr. Schmidt back home with his
22 parents and be supervised there.  And they are awaiting the
23 application to come from the District of Colorado, and then
24 they will process that.
25           The process, as I understand it, is they will

Julie H. Thomas, RMR, CRR                          (303)296-3056

| | |
|---|---|
| 12-cr-00158-REB    Supervised Release Violation Hearing | 05/27/2021    10 |

1   investigate Mr. Schmidt's parents and their home, which I
2   don't think will take very long.  Hopefully if we could get
3   that and make arrangements, it would be optimal, I would hope,
4   that we might even be able to bring Mr. Schmidt back early in
5   that event.
6           I do at sentencing want to have Dr. D'Orazio present
7   her findings in her -- based on her expertise, to the Court in
8   terms of helping and assisting our sentencing argument.
9           THE COURT:  Very well.  Understood.
10          I also presume that the bail and bond of Mr. Schmidt
11  shall be continued as is to the date and time the
12  dispositional hearing is actually held and conducted.  Is my
13  understanding of that important aspect also correct from the
14  perspective of the Government?
15          MS. RIEWERTS:  Yes, it is, Your Honor.  Thank you.
16          THE COURT:  And that of the defense?
17          MR. HAMMOND:  That is correct, Your Honor.  The
18  status quo would remain pending sentencing.
19          THE COURT:  Very well.  If you'll access your
20  calendars in whatever form you maintain and manage them, let's
21  look for a setting in approximately 30 days.  As you do so,
22  please advise the Court about the time that should be reserved
23  to conduct the dispositional hearing that you, Counsel,
24  anticipate.
25          MR. HAMMOND:  Your Honor, on behalf of Mr. Schmidt,

Julie H. Thomas, RMR, CRR                               (303)296-3056

12-cr-00158-REB   Supervised Release Violation Hearing   05/27/2021   11

1  and I may be overly optimistic, but I would hope that we could
2  resolve everything within an hour and no more than two.
3           THE COURT:  Very well.  Miss Riewerts?
4           MS. RIEWERTS:  Your Honor, I believe that two may be
5  the safer amount of time to set aside if Mr. Hammond
6  anticipates calling an expert witness for purposes of the
7  sentencing hearing.  However, if for some reason that changes,
8  we'll, of course, reach out to the Court to let the Court know
9  that a shorter amount of time only needs to be set.
10          THE COURT:  Fair enough, and eminently reasonable.
11          All right.  Madam Clerk, could you suggest a date and
12 time within the ensuing 30 days, reserving two hours, if
13 necessary, for this dispositional hearing?
14          COURTROOM DEPUTY:  Yes, Your Honor.  30 days puts us
15 on a weekend, so moving to the following week I'm looking at
16 Thursday, July 1st.  The Court has a civil hearing at
17 11 o'clock a.m., so I would suggest the 1:30 p.m. time slot.
18          MS. RIEWERTS:  I apologize to the -- I apologize for
19 cutting you off, Judge.
20          THE COURT:  No, no apology necessary.  Do you -- is
21 that date and time problematic to you, Miss Riewerts?
22          MS. RIEWERTS:  Your Honor, yes, I anticipate being on
23 leave from June 28th leading up to that weekend.  I would be
24 available the prior week, Thursday, the 24th, for example, if
25 that would leave enough time or if the Court has availability

Julie H. Thomas, RMR, CRR                              (303)296-3056

12-cr-00158-REB   Supervised Release Violation Hearing   05/27/2021   12

1  and it's amenable to the defense, and then I'm also available
2  the week beginning on July 6th.
3          THE COURT:  Madam Clerk, your response to that
4  proposed setting?
5          COURTROOM DEPUTY:  Your Honor, if we look at
6  Thursday, June 24th, the Court is free in the morning, so I
7  will leave it to the Court as to when that should be set.  The
8  Court does have a 3:00 p.m. sentencing and a 2:15 p.m. meeting
9  otherwise.
10         THE COURT:  Let's look at June 24th, commencing at
11 10:00 a.m. Mountain Daylight Time.  Is that acceptable --
12         PROBATION OFFICER:  Your Honor -- Your Honor, if I
13 may?
14         THE COURT:  Yes.
15         PROBATION OFFICER:  Your Honor, I would like the
16 Northern District of Iowa to have the opportunity to have the
17 full 30 days, if necessary, for the investigation.  Every
18 district does appreciate the full amount of time.  Regardless
19 of how quickly it could truly happen, sometimes things get
20 pushed and an officer would need the full 30 days.
21         THE COURT:  Let's go into the week of July 8, then,
22 Madam Clerk.
23         COURTROOM DEPUTY:  The week of July 8 the Court does
24 have a civil jury trial scheduled.  However, I imagine that
25 the Court won't be conducting that necessarily.  Otherwise, we

Julie H. Thomas, RMR, CRR                              (303)296-3056

12-cr-00158-REB   Supervised Release Violation Hearing   05/27/2021   13

1   have a 1:30 p.m. sentencing on that date, so I would say that
2   the morning is still free.
3           THE COURT:  And, again, what day of the week is that,
4   and what date?
5           COURTROOM DEPUTY:  That is the Thursday, July 8th.
6           THE COURT:  Thursday, July 8th --
7           COURTROOM DEPUTY:  Correct.
8           THE COURT:  -- commencing at -- commencing --
9           MR. HAMMOND:  Your Honor, if I might, as I said, I
10  have been in touch personally on the telephone as well as by
11  e-mail with the probation office, two probation offices in
12  Iowa.  It is my understanding that the chief -- the senior
13  probation officer, Jennifer Elliot, in the Northern District
14  of Iowa is waiting for the application.  As soon as she gets
15  the application, she will begin to process that and go forward
16  with the investigation.  It's my understanding that they may
17  not need 30 days.  And so the 24th works for me.  The 24th of
18  June works for me.  That is about 72 hours short of 30 days,
19  and I think that -- I have full faith and confidence in the
20  Northern District to get to pursue that investigation
21  successfully.
22          THE COURT:  Well, let's do this.  If that time period
23  between now and June 24th proves insufficient for purposes of
24  the Northern District of Iowa, then I will anticipate a motion
25  to continue, which will be viewed and treated favorably by the

Julie H. Thomas, RMR, CRR                              (303)296-3056

12-cr-00158-REB   Supervised Release Violation Hearing   05/27/2021   14

1  Court.
2         Thus let us digress to June 24 at 10:00 a.m.,
3  reserving two hours, if necessary, for dispositional hearing.
4  I inquire again, is that available and acceptable to the
5  Government?
6         MS. RIEWERTS:  Yes, it is, Your Honor.  Thank you.
7         THE COURT:  To you, Mr. Hammond?
8         MR. HAMMOND:  Yes, it is, Your Honor.
9         THE COURT:  To you, Mr. Schmidt?
10        MR. HAMMOND:  I'm sorry.  I cut Mr. Schmidt off.  He
11 did say --
12        THE DEFENDANT:  Yes, it is, Your Honor.
13        THE COURT:  And to you, Mr. Vanni?
14        PROBATION OFFICER:  Yes, Your Honor, I'm available.
15        THE COURT:  Very well.  Then after discussing this
16 matter at some length and with concurrence, albeit reluctant,
17 this matter is continued for dispositional hearing as agreed
18 to June 24, 2021, commencing at 10 o'clock a.m. Mountain
19 Daylight Time, the Court reserving two hours, if necessary,
20 for dispositional hearing, at which Mr. Schmidt shall again
21 appear for all purposes without further notice or subpoena by
22 the Court.
23        Mr. Schmidt, do you understand that?
24        THE DEFENDANT:  Yes, I do, Your Honor.  Thank you.
25        THE COURT:  And that pending dispositional hearing or

Julie H. Thomas, RMR, CRR                        (303)296-3056

12-cr-00158-REB    Supervised Release Violation Hearing    05/27/2021    15

1  other appropriate further proceedings, the bond of Mr. Schmidt
2  is continued as is to that date and time.  Done in open court
3  effective forthwith.
4           Further business in this matter now by the
5  Government?
6           MS. RIEWERTS:  No, Your Honor.  Thank you.
7           THE COURT:  You're welcome.
8           Or by the defense?
9           MR. HAMMOND:  No, Your Honor.  Thank you.
10          THE COURT:  Counsel, Mr. Vanni, a pleasure as always.
11          Please close the record in this matter.  The Court is
12 in recess and adjournment for this day.  Madam Clerk.
13          COURTROOM DEPUTY:  Thank you, everyone.  Court is in
14 recess.
15     (Proceedings concluded 9:49 a.m.,
16     May 27, 2021.)
17
                       REPORTER'S CERTIFICATE
18
          I, JULIE H. THOMAS, Official Court Reporter for the
19 United States District Court for the District of Colorado, a
   Registered Merit Reporter and Certified Realtime Reporter,
20 CA CSR No. 9162, do hereby certify that I reported by machine
   shorthand the proceedings contained herein at the time and
21 place aforementioned and that the foregoing pages constitute a
   full, true and correct transcript.
22         Dated this 29th day of June, 2021.
23
                        /s/ Julie H. Thomas
24                     Official Court Reporter
25

Julie H. Thomas, RMR, CRR                            (303)296-3056